UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THEOPHILUS OKEKE, M.D.,

                Plaintiff,        **MEMORANDUM AND ORDER**

      - against -

                                                      02-CV-5935

SOUTHSIDE HOSPITAL,                   (TCP) (ETB)

                Defendant.
------------------------------------------------------------X
PLATT, District Judge.

       By Notice of Motion dated August 25, 2005, and served on that date, Defendant moves for reconsideration of a portion of this Court's Memorandum and Order dated August 9, 2005, and docketed August 12, 2005.

       Under this Court's Local Rules 6.3:

> A Notice of Motion for reconsideration . . . shall be served within ten (10) days after the docketing of the Court's determination of the original motion.

       This Motion is untimely and is denied on that ground.

       Moreover, the Court in its Memorandum and Order decided that there are issues of fact for a jury to decide, namely, (1) whether plaintiff by a preponderance of the evidence established that he performed his job satisfactorily, and if so, (2) whether the termination occurred under circumstances giving rise to an inference of discriminatory intent. Regardless of whether Defendant's belief

1

that Plaintiff's work was unsatisfactory was honestly held and bona fide, also an issue of fact for a jury to decide, Plaintiff has still raised another issue of fact as to whether Defendant's proffered reason for the adverse employment action was merely pretextual. See, e.g., McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Ahmad v. Nassau Health Care Corp., 234 F. Supp. 2d 185 (E.D.N.Y. 2002), aff'd mem., NO. 02-9406, 71 Fed. Appx. 98 (2d Cir. Aug. 14, 2003).

Summary judgment is ordinarily inappropriate where intent and state of mind are at issue. Montana v. First Fed. Sav. & Loan Ass'n., 869 F.2d 100 (2d Cir. 1989)(holding that plaintiff therein had established issues of fact, precluding summary judgment, as to whether employer's reasons for discharging plaintiff were pretextual). Although the Court in its Memorandum and Order dated August 9, 2005, noted its doubt that Plaintiff could meet such a burden, as indicated, this issue of fact has also been raised, and thus, summary judgment is inappropriate.

Defendant's Motion for Reconsideration is denied.

SO ORDERED.

s/s_____
Thomas C. Platt, U.S.D.J.

Dated: Central Islip, New York
       October 25, 2005